# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAGE IT, INC.**, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-00590 (TNM) |
| **L. FRANCIS CISSNA**, | |
| Defendant. | |

## MEMORANDUM OPINION

Sandeep Sitaram is a citizen of India and employee of Sage IT, Inc. (collectively, the "Plaintiffs"), a software development and information technology services company. The Plaintiffs seek judicial review of the U.S. Citizenship and Immigration Service's ("USCIS") decision to deny Sage IT's petition to extend Mr. Sitaram's H-1B status as a nonimmigrant worker in a specialty occupation. The USCIS found that Mr. Sitaram had exhausted his maximum of six years of H-1B eligibility and that his stay could not be extended through a statutory three-year extension. The USCIS reasoned that Mr. Sitaram was ineligible for the extension because his approved application for preference status (an "I-140"), one of two requirements for the extension, had been revoked when his previous employer withdrew their petition. In moving for summary judgment, the Plaintiffs assert that the agency's decision was arbitrary and capricious because the USCIS later promulgated a regulation that no longer required an I-140 be automatically revoked upon an employer's notice of withdrawal. Defendant L. Francis Cissna, Director of the USCIS,[1] filed a cross-motion for summary judgment. Upon consideration of the pleadings, relevant law, related legal memoranda in opposition and in

---

[1] Director Cissna is automatically substituted as the Defendant. *See* Fed. R. Civ. P. 25(d).

support, and the entire record, I find that at the time the USCIS adjudicated Mr. Sitaram's petition, the applicable regulation was unambiguous and that the USCIS's denial was not arbitrary and capricious. Accordingly, the Plaintiffs' motion will be denied and the Defendant's cross-motion for summary judgment will be granted.

I.

A.

H-1B visas permit qualified workers in specialty occupations to work in the United States. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(B). Prior to 2000, an alien with a H-1B visa could not stay in the United States for longer than six years, even if his application for permanent status was pending. *See* 8 U.S.C. § 1184(g)(4) (1994). In 2000, Congress created two mechanisms to allow H-1B visa holders to extend their nonimmigrant status beyond the limit. *See* Am. Competitiveness in the Twenty-First C. Act ("AC21"), Pub. L. No. 106-313, §§ 104(c), 106(a) (codified at 8 U.S.C. § 1184 note).

The first mechanism introduced by AC21—Section 104(c)—provides for a three-year extension if the alien (1) is the beneficiary of a petition for preference status and (2) would be eligible for this status but for per country limitations. *Id.* § 104(c); Memorandum from Donald Neufeld, Acting Assoc. Director, to USCIS Field Leadership ("Neufeld Memo") at 6 (May 30, 2008), ECF No. 14-1. Preference status applications are made through I-140 petitions. *See* CAR-II at 230.

The second mechanism—Section 106—provides for recurring one-year extensions for aliens whose labor certification or I-140 petition were filed more than 365 days prior. 21st C. Dep't. of Justice Appropriations Authorization Act ("DOJ-21"), Pub. L. No. 107-273, § 11030A

(2002) (codified at 8 U.S.C. § 1184 note).² One-year extensions are granted until "a final decision is made" either (1) denying an application for labor certification, (2) revoking a labor certification, (3) denying an immigrant petition, or (4) granting or denying an application for an immigrant visa or adjustment of status. *Id.*; Neufeld Memo at 4.

## B.

Mr. Sitaram first lawfully entered the United States in January 2007 and received H-1B status on November 8, 2010. Compl. ¶ 7, ECF No. 1; Def.'s Cross-Mot. for Summ. J. 3, ECF No. 14; Pls.' Mot. for Summ. J. ¶¶ 2, 7, ECF No. 13. In 2012, Mr. Sitaram's then-employer, Highpoint Solutions, LLC, filed a form I-140 petition for permanent status. *Id.* ¶ 6. This set the priority date for Mr. Sitaram's petition—his place in the permanent-status waiting line—at November 23, 2011. *Id.* Mr. Sitaram subsequently resigned from Highpoint, and Highpoint withdrew its I-140 petition. *Id.*; CAR-II at 232.³ Because an I-140 petition must be automatically revoked when an employer withdraws its support, Mr. Sitaram's first I-140 petition was automatically revoked on June 14, 2013. *See* 8 C.F.R. § 205.1(a)(3)(iii)(C) (2013); CAR-II at 15, 231; *see also* 8 C.F.R. § 103.2(b)(1) (requiring that the alien maintain eligibility throughout adjudication of his petition).

He then joined TIBCO Software, and TIBCO filed Mr. Sitaram's second I-140 petition in January 2016, which was approved a month later. Pls.' Mot. for Summ. J. 9 ¶ 7. Mr. Sitaram retained his priority date from his first I-140. *Id.* ¶ 7 n.5; *see also* 8 C.F.R. § 204.5(d). After Mr. Sitaram left that company as well, TIBCO withdrew its I-140 petition on April 15, 2016.

---

² Section 106, originally enacted by AC21 in 2000, was amended in 2002 by DOJ-21.

³ The parties' Joint Appendix splits the Certified Administrative Record ("CAR") into two parts, CAR-I and CAR-II. All citations to the CAR uses the pagination of the parties' Joint Appendix.

3

CAR-II at 12. On July 21, 2016, Mr. Sitaram's I-140 was automatically revoked. CAR-II at 14-15; s*ee also* 8 C.F.R. § 205.1(a)(3)(iii)(C) (2016).

## C.

On April 28, 2016, Sage IT wrote to the USCIS that it offered Mr. Sitaram "temporary fulltime employment as a Solution Architect" beginning May 2, 2016 and petitioned to extend Mr. Sitaram's H-1B status by three years under Section 104(c). *See* CAR-I at 9, 24.[4] In November 2016, the Department of Homeland Security, of which the USCIS is a component, amended the relevant regulatory provision so that an employer-petitioner's withdrawal would not automatically revoke a petition. 81 Fed. Reg. 82,398, 82,402, 82,416 (Nov. 18, 2016) (codified at 8 C.F.R. §§ 205.1(a)(3)(iii)(C)-(D)). DHS set the amendment's effective date as January 17, 2017. *See id.* at 82398.

On March 23, 2017, the USCIS denied Mr. Sitaram's H-1B transfer petition, citing two grounds. CAR-I at 2-4. First, the USCIS found that Mr. Sitaram had exhausted his H-1B's six year limit since he had been working under H-1B status since November 8, 2010. *Id.* at 2. Second, the USCIS determined that Mr. Sitaram was not eligible for a three-year extension of his H-1B visa because he did not have an approved I-140 visa petition. *Id.* at 3. The USCIS reasoned that the revised regulation did not apply to Sage IT's petition because its effective date was after Sage IT filed a petition on his behalf. *Id.* The agency's decision did not mention, consider, or base any of its conclusions on Section 106. *See id.* at 2-4.

---

[4] The USCIS's rejection letter states the date of filing as May 5, 2016 but the H-1B transfer petition on record is actually dated April 28, 2016. CAR-I at 3, 24.

4

## II.

Courts are authorized by the Administrative Procedure Act ("APA") to review agency decisions when a plaintiff, "suffering legal wrong," brings a suit for relief. 5 U.S.C. § 702. When reviewing an agency decision under the APA, a court is limited to the administrative record and must determine whether the record supports the agency's decision. *Coe v. McHugh*, 968 F. Supp. 2d 237, 239 (D.D.C. 2013). Consequently, under the APA, motions for summary judgment are not decided according to Federal Rule of Civil Procedure 56. *Id*. Rather, the court will grant summary judgment if the agency action was "supported by the administrative record and otherwise consistent with the APA standard of review." *Id.* at 239-40. If, however, an agency decision is arbitrary, capricious, and unsupported by the record, the court will deny summary judgment. *See* 5 U.S.C. § 706. Stated another way, the court asks whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support" the agency's decision. *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).

## III.

In reviewing the agency's determination that Mr. Sitaram was not eligible for a three-year extension, the court considers whether "the agency acted within the scope of its legal authority, whether the agency has explained its decision, whether the facts on which the agency purports to have relied have some basis in the record, and whether the agency considered the relevant factors." *Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014), *aff'd sub nom. Fulbright v. Murphy*, 650 F. App'x 3 (D.C. Cir. 2016). I find that the agency acted within the scope of its legal authority, explained its decision, considered the relevant factors, and that the facts have a basis in the record.

The USCIS has authority to adjudicate immigrant visa petitions. 6 U.S.C. § 271(b)(1). That authority, of course, is bound by AC21 Section 104(c), which reads:

> ONE-TIME PROTECTION UNDER PER COUNTRY CEILING—Notwithstanding section 214(g)(4) of the Immigration and Nationality Act (8 U.S.C. 1184(g)(4)), any alien who—
>
> (1)  is the beneficiary of a petition filed under section 204(a) of that Act [8 U.S.C. § 1154(b)] for a preference status under paragraph (1), (2), or (3) of section 203(b) of that Act [8 U.S.C. § 1153(b)]; and
>
> (2)  is eligible to be granted that status but for application of the per country limitations applicable to immigrants under those paragraphs,
>
> may apply for, and the Attorney General may grant, an extension of such nonimmigrant status until the alien's application for adjustment of status has been processed and a decision made thereon.

8 U.S.C. § 1184 note. Under Section 104(c), the USCIS will grant a three-year extension to the six-year maximum on H-1B status if two conditions are met. First, the alien must be a beneficiary of a petition for a preference status. Second, the alien must be unable to obtain this preference status because of per-country limitations. These two conditions must be maintained throughout the adjudication of the petition. *See* 8 C.F.R. § 103.2(b)(1). These requirements are clear. *Cf. Chevron U.S.A., Inc. v. Natural Res. Def. Council*, Inc., 467 U.S. 837, 843-44 (1984) (explaining that when the statutory language is clear, "that is the end of the matter.").

The Plaintiffs fault the USCIS for determining that Mr. Sitaram did not satisfy the first requirement. Pls.' Mot. for Summ. J. 15-17.[5] To be the beneficiary of a petition for preference

---

[5] The second requirement is met by Mr. Sitaram and uncontested by the Government. *See id.* at 15-16; Def.'s Cross-Mot. for Summ. J. 8. Mr. Sitaram's priority date was set at November 23, 2011. Pls.' Mot. for Summ. J. ¶ 6. This date saved Mr. Sitaram's place in line as he awaited priority status. *See* 8 C.F.R. § 204.1(b). When Sage IT filed its H-1B petition on behalf of Mr. Sitaram in April 2016, the latest priority dates for which the government was granting EB3 or EB2 status to a person born in India were August 8, 2004 and November 8, 2008,

status, Section 104(c) requires that an alien be eligible to receive priority status under 8 U.S.C. § 1153(b). *See* AC21, Pub. L. No. 106-313, § 104(c)(2). Form I-140 is used to apply for this priority status. *See* CAR-II at 230. When an employer files an I-140 on behalf of an employee, the employer is requesting preference status for the employee-beneficiary. *See id.*; AC21, Pub. L. No. 106-313, § 104(c)(2). When the I-140 is approved, the beneficiary is certified as eligible for preference status and must wait until the agency reaches his priority date in the backlog of petitions. Because Mr. Sitaram's second I-140 was revoked during the adjudication of his petition, he became ineligible to receive priority status. *See* CAR-I at 3. As a result, he no longer met the first requirement of Section 104(c). These reasons were explained in the USCIS's March 23, 2017 letter denying Mr. Sitaram's H-1B visa extension. *See id.* at 2-4. "While terse," this letter "provide[s] adequate reasoning to uphold" the agency's decision. *See Fulbright*, 67 F. Supp. 3d at 94. The relevant facts to the USCIS's decision—the date the petition was filed and the date the I-140 was revoked—are reflected in the record. *See* CAR-I at 24, CAR-II at 12, 14-15. Against a clear statutory backdrop and the record, the USCIS's decision was not arbitrary and capricious.

The USCIS also reviewed and rejected the applicability of the amended revocation regulation to Mr. Sitaram's petition. CAR-I at 3. Prior to the amendment, an I-140 petition must be automatically revoked if the beneficiary's employer withdraws support for the petition "before the decision on [the beneficiary's] adjustment application becomes final." 8 C.F.R. §§ 205.1(a)(3), (a)(3)(iii)(C) (2016). Following the amendment, the regulation requires automatic revocation only if the employer withdraws support less than 180 days after approval. 8 C.F.R.

---

respectively. Pls.' Mot. for Summ. J. 15. As these dates fall well before Mr. Sitaram's priority date, he was then ineligible for a preference status.

7

§ 205.1(a)(3)(iii)(C). The amendment became effective January 17, 2017, nearly ten months after Sage IT filed Mr. Sitaram's petition. *See* 81 Fed. Reg. 82,398; CAR-I at 24. The USCIS found that "the petition is not subject to the new regulation." CAR-I at 3.

The Plaintiffs argue that the agency's conclusion was arbitrary and capricious and that the amendment should apply retroactively to Mr. Sitaram's case. Pls.' Mot. for Summ. J. 18. Retroactivity, however, is disfavored in the law, and administrative rules "will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Nowhere in the amendment's text does it specify retroactive application; to the contrary, the amendment sets a specific date set for *prospective* application: January 17, 2017. *See* 81 Fed. Reg. 82,398. The Plaintiffs maintain that the USCIS has clarified another provision in the same amendment to include applications filed before the effective date, and that retroactive application of the I-140 amendment comports with the overall purpose of AC21, which they characterize as "perhaps the most liberal H-1B legislation ever enacted." Pls.' Mot. for Summ. J. 21; Pls.' Opp. to Def.'s Cross-Mot. for Summ. J. 9, 13, ECF No. 16. But that defies the clear intent from the text of the regulation, which provides a prospective date for application. Put simply, the amendment language does not compel retroactive application.[6]

---

[6] Even if the amended language applied retroactively, which it does not, Mr. Sitaram's second I-140 petition would still be automatically revoked. The amendment protects only against automatic revocation of approvals older than 180 days, and only 74 days passed between the approval of his petition and the withdrawal of support by TIBCO. *See* CAR-I at 30; CAR-II at 12. In addition, the new regulation would not reinstate Mr. Sitaram's first I-140, properly revoked five years ago. *See* Pls.' Mot. for Summ. J. 9 ¶ 6. The Plaintiffs do not offer a temporal limit to applying the amendment retroactively, and it cannot be that the agency, which set a prospective date for the amendment's application, instead intended the regulation to apply to all previously revoked I-140's without limit. No provision in the revocation regulation purports to revive revoked I-140's. *See* 8 C.F.R. § 205.1(a)(3)(iii)(C).

Last, the Plaintiffs contend that there is a "well-established liberal-remedial maxim to the effect that any ambiguities in a remedial statute should be resolved in favor of persons for whose benefit the statute was enacted" and that the USCIS "routinely" granted H-1B extensions in the past for similar issues. Pls.' Opp. to Def.'s Cross-Mot. for Summary J. 9, 13, ECF No. 16. But, as already explained, no ambiguities exist in the regulation and further, none of the Plaintiffs' case law nor examples cited support these sweeping statements. In *FDIC v. Meyer*, the Supreme Court discussed the general recognition that "sue-and-be-sued waivers are to be liberally construed." 510 U.S. 471, 480 (1994) (internal quotation marks omitted). In *King v. St. Vincent's Hospital*, the Supreme Court references in a footnote, as an alternative basis for its decision, the canon that "provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor." 502 U.S. 215, 220 n.9 (1991). Both of those contexts—sovereign immunity and the Armed Forces—are vastly different than the one presented here. Moreover, the Plaintiffs offer scant details of only two examples of the "routine" granting of similar H-1B extensions, and it is not clear that, in the H-1B visa context, two examples constitute routine action. *See* Pls.' Opp. to Def.'s Cross-Mot. for Summary J. 9 n.2.

In a footnote, Sage IT concedes it made a "strategic mistake" in the timing and method of its petition filing. Pl.s' Mot. for Summ. J. 10 n.7. Here, the timing of Mr. Sitaram's job changes, his employers' visa filings, and the USCIS's evolving processing requirements conspired against him. This is unfortunate, but not unlawful. Because the text of the regulation is clear that it applies prospectively, and because Mr. Sitaram was no longer a beneficiary of a petition for a preference status at the time of the USCIS's decision, the USCIS did not act arbitrarily and capriciously in adjudicating his petition.

The Plaintiffs alternatively argue that the USCIS should have granted a one-year extension under Section 106(a). *See* Compl. 10; Pls.' Mot. for Summ. J. 12-15. Section 106 provides for one-year incremental extensions "until such time as a final decision is made." 8 U.S.C. § 1184 note. The administrative record, however, only reflects consideration of a three-year extension. In the Plaintiffs' petition to the USCIS for an extension to Mr. Sitaram's H-1B status, the Plaintiffs requested only the "3 year's [*sic*] extension." CAR-I at 24. The USCIS denied the petition because Mr. Sitaram was not eligible under Section 104(c); the agency did not consider eligibility for a one-year extension under Section 106(a). *See* CAR-I at 4. In reviewing an administrative decision under the APA, a trial court will not consider "issues not raised before the agency." *Advocates for Highway and Auto Safety v. Fed. Motor Carrier Admin.*, 429 F.3d 1136, 1149 (D.C. Cir. 2005) (discussing the administrative waiver doctrine). Because the Plaintiffs did not raise, and the agency did not adjudicate, a one-year extension, the Court will not address it here.[7]

## IV.

For the foregoing reasons, the Plaintiffs' motion for summary judgment will be denied, and the Defendant's cross-motion for summary judgment will be granted. A separate order will issue.

Dated: June 22, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[7] Although the issue was not presented to the agency and is therefore not properly before this Court, it is unlikely that the Plaintiffs would have prevailed on this argument. The USCIS made a final decision on Mr. Sitaram's petition on March 27, 2017, rendering him ineligible for a one-year extension under Section 106(a). *See* CAR-I at 3.